# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANTWAN KINNIE )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER LAMB, et al. )<br>    Defendants. ) | NO. 3:15-cv-1268<br>JUDGE CRENSHAW |

## MEMORANDUM

Antwan Kinnie, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility (MDCDF) in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Officer Lamb (f/n/u), a guard at MDCDF; and Blair Leibach, its former Warden; seeking damages.[1]

In the early morning of October 6, 2015, the Plaintiff lost consciousness and fell to the floor (Doc. No. 1 at 3). According to the Complaint, Officer Lamb "came and looked at me" and then "went to the official Panel and picked up the phone and called the nurse's station." (*Id.*). A nurse arrived approximately thirty minutes later and "called in a medical emergency code". (*Id.* at 4, 7). Apparently, the Plaintiff was then taken to the infirmary for medical attention.

The Plaintiff alleges that Officer Lamb did not follow proper procedures when he found the Plaintiff lying on the floor unconscious. He claims that Officer Lamb is liable "for not doing his job by calling an [*sic*] correct code." (*Id.* at 5). The Plaintiff further alleges that Warden Leibach

---

[1] Blair Leibach is currently the Warden at the Trousdale Turner Correctional Center in Hartsville, Tennessee.

is liable "for not addressing the grievance form I sent to him." (*Id.*).

To establish a claim for § 1983 relief, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The Eighth Amendment prohibits cruel and unusual punishment. *See* Wilson v. Seiter, 501 U.S. 294 (1991). Under the holding of Estelle v. Gamble, 429 U.S. 97,104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' .... proscribed by the Eighth Amendment."

Officer Lamb's alleged failure to properly perform his duty resulted in, at its worst, a delay in medical care of only a few minutes. By Plaintiff's own admission, Officer Lamb did attempt to get him medical care when he found the Plaintiff unconscious. It does not appear, therefore, that Officer Lamb was deliberately indifferent to the Plaintiff's need for medical care. At best, then, the Plaintiff's allegations amount to nothing more than a claim of negligent conduct on Officer Lamb's part.

Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, *supra*. This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 475 U.S. 312, 319 (1986)(Eighth Amendment)("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause"); Daniels v. Williams, 474 U.S. 327, 333 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege an actionable constitutional claim against Officer Lamb.

The Plaintiff has also named former Warden Blair Leibach as a defendant. His sin was to

deny the Plaintiff's grievance seeking redress for Officer Lamb's alleged misconduct.

Supervisory liability under § 1983 cannot be based upon a mere failure to act. Active unconstitutional behavior is needed. <u>Combs v. Wilkinson</u>, 315 F.3d 548, 558 (6th Cir. 2002). Likewise, § 1983 relief will not be granted against prison officials whose only involvement was the denial of administrative remedies. <u>Summers v. Leis</u>, 368 F.3d 881, 888 (6th Cir. 2004); *see also* <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999). Liability cannot be based upon "simple awareness of employees'' misconduct." <u>Leary v. Daeschner</u>, 349 F.3d 888, 903 (6th Cir. 2003).

According to the Complaint, Warden Leibach did nothing more than deny the Plaintiff's grievance (Doc. No. 1 at 5). This action, standing alone, does not rise to the level of a constitutional violation. As a consequence, the Plaintiff has failed to state an actionable claim against Warden Leibach as well.

In the absence of a constitutional violation, the Plaintiff is unable to prove every element of his cause of action. Therefore, the Plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE